FILED
DEC 0 5 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VINCENT SHORTS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:15-cv-01965-BEN-KSC<br><br>**CORRECTED ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |

Before the Court is Counsel's motion to correct order for attorney fees pursuant to 42 U.S.C. § 406(b) filed by Young Cho, the attorney representing Plaintiff Charles Vincent Shorts. (Doc. No. 31.) The motion seeks the payment of attorney fees in the amount of $12,300.00. For the reasons set forth below, Counsel's motion is **GRANTED.**

///
///
///
///
///
///
///

1

3:15-cv-01965-BEN-KSC

# BACKGROUND

Plaintiff was diagnosed with a malignant, inoperable, lethal brain stem tumor (or "glioma") in 2010. He applied for disability insurance benefits, but the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled because his pain testimony was "not entirely credible." Plaintiff appealed the denial of benefits to this Court.

On February 6, 2017, the Court ruled in Plaintiff's favor, reversing and remanding for an award of benefits. The Commissioner effectuated this Court's decision, issuing a notice indicating retroactive benefits of $49,461.00. The Commissioner withheld 25% of past due benefits, or $12,365.25, to pay Plaintiff's Counsel.

Now before the Court, Counsel requests a fee of $12,300.00 under the contingency fee contract. Counsel worked 42.4 hours on this case and has provided the Court with time summaries. He has also provided the Court with the contingency fee agreement and information pertaining to the average and median hourly rates that attorneys make in the California region. (Doc. No. 27, Exs. 2-5.)

# LEGAL STANDARD

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b); *see also Gisbrecht v. Barnhart*, 535 U.S. at 789 (2002). In determining an award under section 406(b), courts first look to the contingency fee agreement, then test it for reasonableness. (*Id.*) at 808. To aid the Court in assessing reasonableness, the Court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. (*Id.*)

2

# DISCUSSION

## A. Contingency Fee Agreement

On February 19, 2015, Mr. Cho and Mr. Shorts entered a contingency fee agreement. (Doc. No. 27-2.) Mr. Shorts agreed that counsel's fee would be "25% of the back pay awarded upon reversal of any unfavorable ALJ decision for work before the court." (*Id.*) There is no evidence the fee agreement was entered into involuntarily, or that it benefits the attorney more than the client. Mr. Cho's request of $12,300 is slightly less than the 25% of back pay agreed to in the contingency agreement and set aside by the Social Security Administration. The requested amount does not exceed the 25% limit imposed by 42 U.S.C. § 406(b).

## B. Reasonableness

In *Gisbrecht,* the Supreme Court directed lower courts to consider "the character of the representation and the results the representative achieved" to determine "reasonableness." *Gisbrecht,* 535 U.S. at 808. A court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case. (*Id.*); *Crawford v. Astrue,* 586 F.3d 1142, 1151 (9th Cir. 2009.)

Here, Counsel seeks a fee of $12,300 of the past-due benefits paid or payable to Plaintiff. The Social Security Administration calculates Plaintiff's past-due benefits at $49,461.00. (Doc. No. 27.) In using the reasonableness test laid out in *Gisbrecht,* there is no evidence to indicate that Counsel's representation was inadequate or insufficient. On the contrary, the case went in favor of the Plaintiff and was remanded for the calculation and award of benefits. And, there is no evidence that suggests any delay on Counsel's part.

Regarding the last factor, Counsel is asking for $12,300 out of the $49,461.00 that was awarded to Plaintiff for past due benefits. Counsel spent 42.4 hours before the District Court concerning this case. This would equate to Counsel charging approximately $290 per hour, which is less than the $439 per hour rate that the average attorney charges in the California region. (Doc. No. 27, Exs. 3-5.)

Based on its review, the Court finds that the requested fee is reasonable.

## CONCLUSION

For the reasons set forth above, Counsel's motion for attorney fees (Doc. No. 27) is **GRANTED**. The Commissioner is **ORDERED** to pay Counsel $12,300.00.

**IT IS SO ORDERED.**

Dated: December 24, 2017

Hon. Roger T. Benitez
United States District Judge